## SEWAGE TREATMENT AGREEMENT

This agreement made and entered into this 6th day of February, 1975, by and between the Horn Lake Creek Basin Interceptor Sewer District of DeSoto County, Mississippi, a utility district organized under the laws of the State of Mississippi (hereafter called Utility District), and the City of Memphis, Tennessee, a municipal corporation organized under the laws of the State of Tennessee (hereafter called City), WITNESSETH:

WHEREAS, it is necessary in order to promote the health, welfare and safety of the citizens of Memphis, Shelby County, Tennessee and DeSoto County, Mississippi to provide for the collection, treatment and disposal of sewage wastewater in Horn Lake Creek Basin; and

WHEREAS, the Utility District is desirous of the City providing treatment and disposal of sewage wastewater collected by the Utility District and the City has agreed to provide this service on the conditions, stipulations and agreement contained herein.

THEREFORE IN CONSIDERATION OF THE PREMISES AND THE MUTUAL COVENANTS HEREIN CONTAINED, IT IS AGREED BY THE PARTIES AS FOLLOWS:

1. TREATMENT: The City agrees to provide for the treatment and disposal of wastewater collected by the Utility District, the effluent quality of which shall meet applicable Federal and State quality standards.

2. DELIVERY POINT: The wastewater will be delivered by the Utility District to the City at its metering station to be located at or near the Mississippi-Tennessee state line near Horn Lake Creek in Section 18, Township 1, Range 8 of the Chickasaw survey at a point to be mutually agreed upon by the parties.

3. RATES: The Utility District will pay to the City for the treatment and disposal of the wastewater delivered to the City on a volumetric basis as measured through the meter according to the following schedule of rates:

        16 cents per 100 cubic feet

Payment will be made by the 20th of the month for the preceding month according to statement for services to be furnished to the Utility District by the City.

4. ADJUSTMENT OF RATES: The rate in paragraph three (3) shall be subject to review and adjustment after 12 months operation and annually thereafter to reflect the actual cost to the City of treating and disposing of the wastewater from the District. The following items will be considered in making adjustments:

- A. Cost of operation of the interceptor sewer line and treatment plant.
- B. Actual cost of constructing the line and plant.
- C. Grants-in-aid-of-construction not repayable.

The construction and operation cost shall be allocated between the City and the District proportionately according to the use by each. Proportioned use is based on average flow and wastewater characteristics.

The rates shall be reviewed annually and adjusted to reflect the actual cost of providing the service. It is the intention of the parties that the City provide the service at its actual cost and the rates will reflect this intention.

The City will provide an explanation of each proposed increase, including figures on which it is based at least 30 days in advance of the effective date. The District on request will have the right to a hearing before a representative of the city and/or further information if the District feels the rate increase is not proper.

In the event an industry locates within the District requiring discharge into the mains a large amount of wastewater in its production processes, the City will negotiate a special rate for the District comparable with rates charged similar industries by the City and permit the industrial discharge to be metered separately. The industry shall be subject to all applicable industry cost recovery regulations as set out by the Environmental Protection Agency.

5. MINIMUM: If the DeSoto County line is not in use within six months after the City line is ready for use, the Utility District thereafter will pay to the City the sum of $10,000.00 per month until the DeSoto County line is in use. When the DeSoto County line

is in use, no minimum payments will apply.

6. METER STATION: The metering station will be located at or near the State Line and will be constructed, owned and maintained by the City. The City will construct the necessary pipe from the metering station a reasonable distance inside Mississippi. The District will construct a manhole around the entrance to the pipe leading to the metering station, and will connect its outfall line to the manhole. The Utility District will have the right to inspect and test the metering station at its expense and if found faulty in its measurements equitable adjustments will be made in the charges.

7. DISTRICT LINES: Utility District will own and operate lines upstream from the metering station. The type of construction and operation of the metering station, its depth and entry point of the effluent will be agreed to by the parties prior to construction, it being the intent of the parties, if possible, to arrange for gravity flow from the lines of the Utility District into the metering station and thence to the outfall lines of the City.

8. CITY LINES: The City will own and operate sewage lines downstream from the metering station to its treatment plant.

9. USE ORDINANCE: Utility District will immediately after the execution of this agreement, adopt suitable regulations pertaining to sewer use, charges and practices comparable with City Ordinance 460 and amend same from time to time as this Ordinance is amended or replaced so the effluent delivered to the City will be of the same nature as other effluent in the sewage system of the City. The District will require its customers to comply with the same regulations as the City requires of its sewer customers. The "Sewer Use Ordinance" attached conforms with City Ordinance 460 as now in effect.

10. CONSTRUCTION SCHEDULE: The parties agree the construction of the outfall line from the metering station to the City treatment facility will be coordinated with construction of the

outfall line of the Utility District so that both lines will go into operation within approximately the same period of time. The parties agree that it is important to both parties that the lines be used as soon as is reasonable after they have been constructed and each party will keep the other advised of construction progress from time to time.

11. This agreement shall remain in effect for forty (40) years from the date hereof and at the expiration of said time shall be subject to review and change agreeable to both parties.

12. DESOTO COUNTY: DeSoto County, Mississippi joins as a party to this agreement with the District, approves this contract, and guarantees the District will perform its obligation hereunder.

IN WITNESS WHEREOF, the Utility District has caused its name to be subscribed and the City has caused its name to be subscribed and the corporate seals affixed by their duly authorized officers on the day and year first above written.

HORN LAKE CREEK BASIN
INTERCEPTOR SEWER DISTRICT
OF DESOTO COUNTY, MISSISSIPPI

_____
Chairman

_____
Vice-Chairman

_____
J H Walker
Commissioners Secretary

DESOTO COUNTY, MISSISSIPPI

By _____
President, Board of
Supervisors

ATTEST:
_____
Chancery Clerk

CITY OF MEMPHIS, TENNESSEE

_____
Mayor

_____
Director

ATTEST:
_____
Deputy Comptroller

APPROVED AS TO FORM:
_____
City Attorney

APPROVED:
_____
City Engineer

# RESOLUTION

WHEREAS, the Horn Lake Creek Basin Interceptor Sewer District of DeSoto County, Mississippi desires the City of Memphis to provide for the transportation, treatment, and disposal of sewage wastewater; and

WHEREAS, the existing sewage treatment agreement dated June 6, 1972 between the City of Memphis and the Horn Lake Creek Basin Interceptor Sewer District has been revised to the satisfaction of both parties due to changes in the cost of construction, operation, and maintenance and amounts of available funds from Federal grants; and

WHEREAS, certain expenditures for Capital Improvements and for operation and maintenance will be incurred by the City; and

WHEREAS, a sewer use fee will be paid by the Horn Lake Creek Basin Interceptor Sewer District to the City of Memphis for these services.

NOW, THEREFORE, BE IT RESOLVED by the Council of the City of Memphis, that a contract be entered into between the Horn Lake Creek Basin Sewer District, DeSoto County, Mississippi, on the one part and the City of Memphis on the other, copy of which is filed with the Comptroller herewith, be and the same is hereby approved and ratified by the Council of the City of Memphis.

BE IT FURTHER RESOLVED that the contract between the City of Memphis and the Horn Lake Creek Basin Interceptor Sewer District dated June 6, 1972 is replaced and voided by this new agreement dated February 6, 1975.

BE IT FURTHER RESOLVED that the proper officers of the City of Memphis are authorized and empowered to execute said contract on behalf of the City of Memphis.

I hereby certify that the foregoing is a true copy and said document was adopted, approved by the council of the city of Memphis in regular special session on

MAR 4 1975

Deputy Comptroller-Council Records