IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HORN LAKE CREEK BASIN INTERCEPTOR	PLAINTIFFS
SEWER DISTRICT, and DESOTO COUNTY
MISSISSIPPI

V.	CIVIL ACTION NO. 3:19-CV-290-SA-JMV

CITY OF MEMPHIS, TENNESSEE	DEFENDANT

ORDER AND MEMORANDUM OPINION

On December 20, 2019, Horn Lake Creek Basin Interceptor Sewer District ("the District") filed its Complaint [1] against the City of Memphis ("the City"). The District filed its Amended Complaint [8] on January 17, 2020, adding Desoto County, Mississippi as an additional plaintiff. The District alleges that the City's plan to not renew the parties' contract for wastewater management after the contract expires in 2023 constitutes a breach of contract, anticipatory breach of contract, and/or repudiation of contract. Presently before the Court is the City's Amended Motion to Change Venue [12]. The issues have been fully briefed and are ripe for review.

*Factual and Procedural Background*

The District, formed in 1971 by the Mississippi Legislature, is the exclusive provider of public wastewater collection services to customers in Southaven, Horn Lake, and parts of DeSoto County—three cities located in North Mississippi.

On February 6, 1975, the District and the City entered into an agreement for the collection, treatment, and disposal of sewage wastewater in the Horn Lake Creek Basin. Desoto County guaranteed the District's obligations under the Agreement. The District contends that the 1975 Agreement benefitted both parties as "the District received wastewater treatment services, while the City increased its number of customers and volume of wastewater while collecting the rates

owed to it by the District, thereby reduced and sharing the cost of wastewater treatment." *See Amended Complaint* [8]. The District purportedly "constructed a wastewater collection and transportation system specifically designed to transport wastewater north to the City's collection system in reliance on the 1975 Agreement." *Id*. The District contends that these buried pipes cannot be used for any purpose other than transporting wastewater to the City of Memphis. The 1975 Agreement provided that the District transferred ownership of the transported wastewater to the City of Memphis at a metering station (which was to be constructed), and the City of Memphis was to treat the District's wastewater at the T.E. Maxson Treatment Plant. The 1975 Agreement was to expire, by its own terms, after a period of forty years.

On September 22, 1983, the parties entered into a supplemental agreement, amending the parties' contractual relationship to the extent necessary to comply with "the regulations affecting Industrial Dischargers and the manner in which they are to be administered." *See Amended Complaint* [8]. The 1983 Agreement reset the forty-year time period of the parties' relationship, extending the contract's termination date to September 22, 2023.

On March 28, 2018, the City sent a letter informing the District that the City would no longer provide wastewater treatment services after the Agreement was set to expire in 2023. *See Notice of Non-Renewal* [1-3]. After several attempts by the District to reach an amicable agreement with the City, the Memphis Mayor sent a letter to the mayors of Horn Lake and Southaven stating that the City did not intend to renew the Agreement. *See Horn Lake Letter* [1-4].

On December 17, 2019, the City filed a Complaint for Declaratory Judgment in the Western District of Tennessee against the District, Desoto County, and the cities of Horn Lake and Southaven, asking that the court to declare that the City has no obligation under the 1975 Agreement to continue wastewater treatment services beyond 2023. Three days later, the District

initiated the instant action in this Court, alleging breach of contract, anticipatory breach, and/or repudiation.  The City filed a Motion to Change Venue [6] and later an Amended Motion to Change Venue [12], arguing that the case should be consolidated with the previously pending case filed in the Western District of Tennessee. Having considered the facts and binding law, the Court is prepared to rule.

*Discussion*

In its Amended Motion [12], the City argues that this case should be transferred to the Western District of Tennessee pursuant to the first-to-file rule, or in the alternative, dismissed for improper venue. Motions to transfer venue are governed by United States Code Section 1404 which, in pertinent part, provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In particular, the City urges the Court to transfer the case pursuant to the first-to-file rule. "Under the first-to-file rule, when two cases that involve substantially similar issues are pending before two different federal courts, the court where the second action was filed should defer to the first court for adjudication of the issues." *Cadle Co. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citations omitted).

Importantly, when two cases "overlap on the substantive issues, the cases [should] be . . . consolidated in . . . the jurisdiction first seized of the issues." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997). To determine whether a substantial overlap exists, federal courts look to whether the core issues of each case are the same or if much of the proof adduced would

3

likely be identical. *See Gateway Mortgage Grp., L.L.C. v. Lehman Bros. Holdings, Inc.*, No. 16–20688, 2017 WL 2347603, at *2 (5th Cir. May 30, 2017); *International Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (quoting *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of the ILA*, 751 F.2d 721, 730 (5th Cir. 1985)); *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971). This rule rests on principles of comity and sound judicial administration and "[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Greer v. Carolina Casualty Insurance Co.*, 2017 WL 4477732, *2 (N.D. Miss. Oct. 6, 2017) (quoting *Save Power*, 121 F.3d at 950). "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *West Gulf*, 751 F.2d at 728. "This concern applies where related cases are pending before two judges . . . in different districts." *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992).

Here, the core issues between the two case are the same. Both complaints allege the same factual basis: The parties entered into a wastewater treatment agreement on February 6, 1975, which was extended in 1983. Recently, the City notified the District that it would no longer provide its services to the counties and cities located in the district after the contract was set to expire in September of 2023. At the center of both complaints is one dispositive question: whether the City has a contractual obligation to continue providing wastewater treatment after September of 2023. Although each complaint seeks different forms of relief—one declaratory judgment and the other damages for anticipatory breach of contract—the relief requested in both is inextricably linked. In other words, in order for the District Court for the Western District of Tennessee to declare that

the City does or does not have an obligation to continue to provide wastewater treatment under the 1975 Agreement, that Court must also determine whether the termination of such treatment would be a breach of the contract. Similarly, in order for this Court to determine whether the termination of treatment would be a breach of the 1975 Agreement, this Court must also determine whether the City has a contractual obligation to continue providing wastewater treatment to the District. By that same token, it is undeniable that much of the same proof would be adduced if both cases were to proceed separately.

While the parties named in the case in the Western District of Tennessee are not identical to the parties in this case, "it is not necessary for . . . the parties to be identical but only that there be 'substantial overlap' between two cases." *International Fidelity Inc. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011); *see also Save Power Ltd.*, 121 F.3d at 950-51 (holding that "complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action."). For the reasons set forth above, substantial overlap undoubtedly exists.

Ultimately, this is a text-book example of "overlapping issues" in two separately filed cases. Thus, the interest of justice demands that one district court resolve both disputes.[1] Therefore, the Court finds that the first-to-file rule governs, and this matter should be transferred to the Western District of Tennessee

.

---

[1] The City argues, in the alternative, that the court should dismiss the District's Complaint [1] for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. Because this action should be transferred to the Western District of Tennessee, the Court finds it unnecessary to address the merits of the movants request to dismiss the Complaint [1].

*Conclusion*

For the reasons discussed above, the Defendant's Amended Motion to Transfer Venue [12] is GRANTED. The Defendant's Motion to Transfer Venue [6] is terminated as moot. This case is hereby transferred to the District Court for the Western District of Tennessee.

SO ORDERED this, the 24th day of August, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE