IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

HORN LAKE CREEK BASIN
INTERCEPTOR SEWER DISTRICT and
DESOTO COUNTY, MISSISSIPPI,

    Plaintiffs,

v.                                        Case No. 2:20-cv-2641-MSN-cgc

CITY OF MEMPHIS, TENNESSEE,

    Defendant.

---

## ORDER OF DISMISSAL

---

Before the Court is Defendant City of Memphis, Tennessee's ("City") Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion"). (ECF No. 46). In the First Amended Complaint ("Amended Complaint"), Plaintiffs Horn Lake Creek Basin Interceptor Sewer District ("District") and Desoto County, Mississippi ("DeSoto County") bring claims against the City for breach of contract, anticipatory breach, and equitable relief. (Am. Compl., ECF No. 8). Plaintiffs also alleged claims for promissory estoppel, negligent misrepresentation, and breach of the duty of good faith and fair dealing. (*See* ECF No. 53-1 at PageID 65–66). The Amended Complaint alleges that the City breached a wastewater treatment agreement between the parties and that Plaintiffs are entitled to legal or equitable relief as a result. The agreements at issue were entered into between the District and the City in 1975 and supplemented in 1983 (collectively, the "Agreement"). The 1975 agreement stated that it "shall remain in effect for forty (40) years from the date hereof and at the expiration of said time shall be subject to review and change agreeable to both parties." (ECF No. 1-1 at PageID 13.) The 1983 agreement extended the terms of the 1975

agreement an additional 40 years from the date of execution of the 1983 agreement. (*See* ECF No. 1-2 at PageID 16.)

The key issue in this matter is whether the Agreement expires on September 22, 2023. Importantly, this case addresses the same underlying issues as the City's first-filed declaratory judgment action also currently pending before this Court. *See City of Memphis v. Horn Lake Creek Basin Interceptor Sewer Dist.*, No. 2:19-cv-02864-MSN-cgc.

In that action, the City requested that the Court declare that the Agreement expires 40 years after the date on which the 1983 agreement was executed, *i.e.*, on September 22, 2023. (*See* Case No. 2:19-cv-02864, ECF No. 1.) The City moved for summary judgment on this issue. (*Id.* at ECF 90). This Court then ruled as a matter of law that the Agreement does, in fact, expire on September 22, 2023. (*See id.*; ECF No. 110 at PageID 1223.) Therefore, the City has not breached the Agreement, and Plaintiffs' claims in this case are subject to dismissal. Further, the Court finds that Plaintiffs failed to state a claim upon which relief could be granted for promissory estoppel, negligent misrepresentation, and breach of the duty of good faith and fair dealing.

Moreover, this case and the City's declaratory judgment action were joined for purposes of trial as to all issues. (ECF No. 64). Plaintiffs' claims for promissory estoppel, negligent misrepresentation, and breach of the duty of good faith and fair dealing were not raised as issues to be decided at trial in the Pretrial Order (ECF No. 66), nor were any of these claims raised at trial.

For these reasons, and in accordance with the Court's summary judgment ruling in the City's declaratory judgment action, the Court now dismisses this action with prejudice.

**IT IS SO ORDERED**, this 22nd day of September, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

Agreed as to form:

s/W. Abram Orlansky
*Attorney for the District*

s/Samuel Barber
*Attorney for DeSoto County*

s/Pete A. Brunson
*Attorney for the City*